**COOK INLET NATIVE ASSOCIATION, Kenaitze Indian Tribe, and the Native Village of Tyonek, et al., Plaintiffs-Appellants,**

v.

**Dr. Otis R. BOWEN, Secretary of Health and Human Services, Donald P. Hodel, Secretary of the Interior, Cook Inlet Region, Inc., Cook Inlet Tribal Council, Inc., and Southcentral Foundation Inc., Defendants-Appellees.**

No. 86–3642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1987.

Decided Feb. 20, 1987.

Bertram E. Hirsch, Floral Park, N.Y., David S. Case, Anchorage, Alaska, for plaintiffs-appellants.

Robert L. Klarquist, Washington, D.C., Ruth E. Fischer, Los Angeles, Cal., for defendants-appellees.

Before WRIGHT, FARRIS and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On appeal from a summary judgment this court is asked to determine the meaning of "Indian tribe" contained in the Indian Self-Determination Act.[1]  Cook Inlet Native Association, Inc. (CINA) challenges the district court's judgment upholding the administrative interpretation of the definition.  The agencies construe the term to include Alaska Native regional business corporations, but to exclude Native regional non-profit corporations such as CINA.

Interpretation of the term is critical to the administration of the Self-Determination Act.  Upon request of an Indian tribe, the Secretaries of the Interior and of Health and Human Services are directed to contract with or make grants to a designated tribal organization for services that would otherwise be provided by the Bureau of Indian Affairs (BIA) or the Indian Health Service (IHS).  25 U.S.C. §§ 450f(a), 450g(a), 450h(a).

The Self-Determination Act defines "Indian tribe" as:

"any Indian tribe, band, nation, or other organized group or community, including any Alaska Native village or regional or village corporation as defined in or established pursuant to the Alaska Native Claims Settlement Act [43 U.S.C.A. § 1601, et seq.] which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians; . . . ."

25 U.S.C. § 450b(b).  In interpreting the definition, the Secretaries have recognized the defendant/appellee, Cook Inlet Region, Inc. (CIRI) as a tribe, but not the plaintiff/appellant, CINA.

CINA is an Alaska non-profit corporation, established in 1965 to promote the physical, economic, and social well-being of Alaska natives in the Anchorage area.  Prior to the passage of the Self-Determination

---

1.  The Indian Self-Determination Act is codified at 25 U.S.C. § 450, *et seq.*  The definition of "Indian tribe" is found at 25 U.S.C. § 450b(b).

Act, CINA had contracted with the BIA and IHS to provide health and education assistance programs. After the Self-Determination Act's enactment, the agencies determined that CINA was not a tribe within the definition in the Self-Determination Act. They contracted with CINA only as the designated tribal organization in the municipality.

CIRI is an Alaska regional profit corporation established pursuant to the Alaska Native Claims Settlement Act (Settlement Act), 43 U.S.C. § 1601, *et seq.* Since 1976, CIRI has been recognized as an Indian tribe by the BIA and IHS for purposes of the Self-Determination Act. As such, it has designated the tribal organizations eligible to receive grants and to contract with the agencies.

For several years, CIRI directed the agencies to contract with CINA to provide for some programs. In 1983, CIRI informed CINA that it would no longer be designated as the tribal organization. CIRI formed two other non-profit corporations, Cook Inlet Tribal Council, Inc. (CITC) and South Central Foundation, Inc. (SCF). These were designated as tribal organizations and they contracted with the BIA and IHS.

CINA and other plaintiffs sued the Secretaries of the Interior and of Health and Human Services, CIRI, CITC, and SCF, alleging that CIRI is not an Indian tribe under the Self-Determination Act. The district court gave summary judgment for the defendants. On appeal, CINA contends that the court and the agencies interpreted the statute erroneously. It argues that Alaska native regional non-profit corporations, and not regional profit corporations, are "tribes." Alternatively, it maintains that both profit and non-profit corporations are "Indian tribes."

## I. *STANDARD OF REVIEW*

The court's grant of summary judgment and its interpretation of the statute are reviewed *de novo. Squaxin Island Tribe*

*v. State of Washington,* 781 F.2d 715, 718 (9th Cir.1986). If the intent of Congress as evidenced in the statute is clear, this court must give effect to that intent. *Young v. Community Nutrition Institute,* —— U.S. ——, 106 S.Ct. 2360, 2364, 90 L.Ed.2d 959 (1986); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694, *reh'g denied,* 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984).

The construction of the statute by the agency charged with its administration is entitled to substantial deference. *Young,* 106 S.Ct. at 2365; *Aleknagik Natives Limited v. United States,* 806 F.2d 924, 926–27 (9th Cir.1986). The court defers unless that interpretation is inconsistent with the statute or would frustrate Congressional policy. *Chemical Manufacturers Association v. Natural Resources Defense Council,* 470 U.S. 116, 125–26, 105 S.Ct. 1102, 1107–08, 84 L.Ed.2d 90 (1985). Regardless of whether it is the only or the better interpretation, a reasonable interpretation must be upheld. *Young,* 106 S.Ct. at 2365; *Trinity County Public Utilities District v. Harrington,* 781 F.2d 163, 165 (9th Cir. 1986).

## II. *REGIONAL CORPORATIONS AS "TRIBES"*

CINA argues that the Act should be construed to mean that CINA, not CIRI, is an Indian tribe. CINA asserts that CIRI cannot meet the eligibility requirement included in the definition of Indian tribe, 25 U.S.C. § 450b(b). It also argues that recognizing CIRI as a tribe subverts the intent of Congress and the purposes and policies underlying the Self-Determination Act. These arguments fail.

### A. *Statutory Language*

CINA does not dispute that CIRI was established pursuant to Settlement Act § 1606. As such, CIRI is a "regional corporation" for purposes of Settlement Act § 1602(g),[2] and is included in the Self-De-

---

**2.** The Settlement Act defines "regional corpora-     tion" as "an Alaska Native Regional Corporation

termination Act definition of a tribe.[3]   25 U.S.C. § 450b(b).

■ In the Settlement Act CINA is described as a "Native association."   43 U.S.C. § 1606(a)(6).   However, the native associations are identified in the Settlement Act only to determine geographical areas in which regional corporations will be formed. The trial court correctly found that the reference in section 1606(a) does not establish CINA as a regional corporation for purposes of the Settlement Act or Self-Determination Act.

■ Regional corporations appear to be included specifically in the Self-Determination Act definition, yet CINA contends they are excluded by the eligibility clause. CINA asserts that the clause modifies "regional corporation" and therefore, to be a tribe, the corporation must "be recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians." 25 U.S.C. § 450b(b).   CIRI is not eligible for special programs because of its status.

However, the statute should not be interpreted to render one part inoperative, *Mountain States Tel. and Tel. Co. v. Pueblo of Santa Ana*, 472 U.S. 237, 105 S.Ct. 2587, 2595, 86 L.Ed.2d 168 (1985); *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.1985), or to defy common sense. *Pacific Mutual Life Insurance Co. v. American Guaranty Life Insurance Co.*, 722 F.2d 1498, 1500 (9th Cir.1984). The words of a statute should be harmonized internally and with each other to the extent possible. *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 631–33, 93 S.Ct. 2469, 2484–85, 37 L.Ed.2d 207 (1973). As Judge Holland noted, CINA illogically construes the language to man-

date a result in one clause, only to preclude that result in the next clause.

### B.   *Agency Interpretation*

In May of 1976, the Assistant Solicitor for Indian Affairs interpreted the statute for the BIA. Because regional profit corporations are expressly mentioned in the definition, he stated that customary rules of construction support their recognition as tribes under the Self-Determination Act. To avoid rendering their mention superfluous, he interpreted the eligibility language to modify only the words "any Indian tribe, band, nation, or other organized group or community ..." Memorandum of Charles Soller, May 21, 1976. This interpretation was adopted by IHS. Letter of Duke McCloud, May 25, 1977.

The record indicates that the administrative interpretations have remained consistent with this construction. *See "Implementing Public Law 93–638,"* Native News and B.I.A. Bulletin, Vol. 13, No. 4, pp. 2–3 (July-October 1976) (BIA Bulletin) ("only the following entities are recognized as tribes:   —Native Villages—Regional (profit) corporations—Village (profit) corporations—Legally recognized tribes"); *Village Self-Determination Workbook*, Nos. 1, 6, 12 (Nov. 1977) (Self-Determination Workbook); *Alaska Native Village Self-Determination Briefing Book*, pp. 6–7 (Nov. 1977) (Briefing Book); 46 Fed.Reg. 27179 (May 18, 1981) (recognizing regional profit corporations but not non-profit corporations as a village governing body for purposes of contracting).

### C.   *Legislative History*

The administrative interpretation is supported by the legislative history. The proposed Self-Determination Act definition of Indian tribe [4] and the definition in the origi-

---

established under the laws of the State of Alaska in accordance with the provisions of this chapter; ...."   43 U.S.C. § 1602(g).

**3.** The Self-Determination Act defines an Indian tribe to include "any Alaska Native village or regional or village corporation as defined in or established pursuant to the Alaska Native Claims Settlement Act ..." 25 U.S.C. § 450b(b).

**4.** As originally proposed, the Self-Determination Act section 450b(b) defined "Indian tribe" as "an Indian tribe, band, nation, or Alaska Native community for which the federal government provides special programs and services because of its Indian identity." H.R. 6372, 93d Cong., 1st Sess. (1973).

nal bill[5] included the eligibility clause but did not mention the Alaska regional corporations. Specific reference to Alaska village and regional corporations was added by amendment. 120 Cong.Rec. 40252. Because the modifying language was in the law before the reference to the native corporations, the secretaries reasonably interpreted the eligibility clause to modify only the first entities listed in the definition.

The House Report stated only that "[t]he Subcommittee amended the definition of 'Indian tribe' to include the regional and village corporations established by the Alaska Native Claims Settlement Act." H.R.Rep. 1600, 93d Cong., 2d Sess. 14 (1974), *reprinted in* 1974 U.S.Code Cong. & Admin.News 7775, 7776. As Congress chose to isolate this section for special consideration by way of amendment, the language inserted should be given effect. *See Offshore Logistics, Inc. v. Tallentire,* — U.S. ——, 106 S.Ct. 2485, 2495, 91 L.Ed.2d 174 (1986). Regional profit corporations were properly recognized as Indian tribes for purposes of the Self-Determination Act.

CINA contends that remarks made in a hearing indicate that the amendment to the definition of "tribe" was meant to include Alaskan non-profit corporations and exclude profit corporations. *See "Indian Self-Determination and Education Assistance Act,"* Hearings Before the Subcommittee on Indian Affairs of the Committee on Interior and Insular Affairs, House of Representatives, 93d Cong., 2d Sess. 118–19 (May 20 & 21, 1974). The statements do not provide a clear indication of Congressional intent. The ambiguous exchange does not prove that the administrative interpretation is so unreasonable as to preclude our deference to it. *See Young,* 106 S.Ct. at 2365–66.

Furthermore, the plain language of the House Report indicates that regional corporations formed under the Settlement Act are to be considered tribes. The state-

ments made in the hearings do not have the status of the House Report, which was available to both Houses. *See National Assn. of Greeting Card Pubs. v. USPS,* 462 U.S. 810, 832 n. 28, 103 S.Ct. 2717, 2731 n. 28, 77 L.Ed.2d 195 (1983).

■ CINA also supports its position with an affidavit from former Congressman Lloyd Meeds, one of the sponsors of the Self-Determination Act. He states that in enacting the Self-Determination Act, Congress did not intend to exclude regional non-profit corporations from the "tribes" eligible to contract. However, statements of a former legislator after a bill's passage are entitled to no weight. *American Constitutional Party v. Munro,* 650 F.2d 184, 188 (9th Cir.1981).

### D. *Post-Enactment History*

In 1976 Senate subcommittee hearings were held on the Self-Determination Act. *"Problems of Definition of Tribe in Alaska Relating to Public Law 93–638,"* Hearings Before the Subcommittee on Indian Affairs, Senate Committee on Interior and Insular Affairs, 94th Cong., 2d Sess. (Sept. 2, 3, 4, 1976) (*Hearings*). The results of the hearings, reports, and comments were then submitted to Congress. 1 Final Report to the Congress, American Indian Policy Review Commission, 95th Cong., 1st Sess. (May 17, 1977) (*Final Report*). Both CINA and CIRI contend that this history supports their construction of the statute, but the history is inconclusive.

As the trial court noted, the report of the hearings indicates that most participants assumed that the Self-Determination Act's definition of tribe excluded the regional non-profit corporations. Several speakers asked that the definition be amended to include those corporations. *See Hearings* at 101, 193, 195–96. Contrary to speakers at the hearings, the report assumed that both regional profit and non-profit corporations

5. The original bill defined "Indian tribe" as "any Indian tribe, band, nation, or other organized group or community, including any Alaska Native community as defined in the Alaska Native Claims Settlement Act, which is recognized as

eligible for the special programs and services provided by the United States to Indians because of their status as Indians." S. 1017, 93d Cong., 2d Sess. (1974), 120 Cong.Rec. 2813–19.

are included in the Self-Determination Act definition of tribe. *Final Report* at 495. The ambiguity does not provide clear indication of Congressional intent. Nor does it prove that the administrative interpretation is unreasonable.

■ CIRI argues that the public and Congress were made aware of the administrative interpretation through the hearings, so that Congress's failure to amend the statute implies that the interpretation is correct. *See North Haven Board of Education v. Bell,* 456 U.S. 512, 535, 102 S.Ct. 1912, 1925, 72 L.Ed.2d 299 (1982); *FEC v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 34, 102 S.Ct. 38, 43, 70 L.Ed.2d 23 (1981). However, failure to disapprove agency regulations does not necessarily demonstrate that Congress considered the regulations consistent with legislative intent. *North Haven,* 456 U.S. at 533–34, 102 S.Ct. at 1924–25. Also, Congress has not amended the statute since its enactment and may not have considered the section in light of the administrative interpretation. *See id.* at 535, 102 S.Ct. at 1925.

### E. Policy and Purposes of Self-Determination Act

CINA argues that recognition of CIRI as a tribe subverts the policies and purposes underlying the Self-Determination Act. The trial court found correctly that classifying a business corporation as an Indian tribe does not clearly contravene the policies and purposes of the Self-Determination Act.

The Self-Determination Act was promulgated to insure maximum Indian participation in and control over the programs and services for Indians. *See Congressional Declaration of Policy,* 25 U.S.C. § 450a. The record does not indicate whether non-profit or profit corporations are more suited to achieve this goal. It is instructive, however, that the corporations formed pursuant to the Settlement Act also were established to provide maximum participation by Natives in decisions affecting their rights and property. *See Congres-*

*sional Findings and Declaration of Policy,* 43 U.S.C. § 1601. To achieve this goal, the Act required many specific features to be included in the corporations. *See* 43 U.S.C. § 1606.

More important, the plain language of the statute allows business corporations created under the Settlement Act to be recognized as tribes. 25 U.S.C. § 450b(b). As discussed above, the legislative history does not indicate that Congress intended to preclude the agency interpretation. The court must, therefore, defer to that interpretation. *See Young,* 106 S.Ct. at 2364–66; *Chemical Manufacturers Assn.,* 470 U.S. at 125, 105 S.Ct. at 1107–08; *State of Washington, Dept. of Ecology v. United States E.P.A.,* 752 F.2d 1465, 1469 (9th Cir.1985).

### III. OTHER GROUPS OR COMMUNITIES AS TRIBES

The language and legislative history of the Self-Determination Act indicate that CIRI, and not CINA, is a regional corporation under the Settlement Act and, therefore, a tribe under the Self-Determination Act. CINA, however, argues that non-profit corporations can be recognized as tribes under the "other organized group or community" clause of the Self-Determination Act definition. 25 U.S.C. § 450b(b).

CINA alleges that this argument was raised in the trial court as part of the plaintiffs'-appellants' motion for summary judgment, yet provides no evidence to this court to substantiate its contention, as required by Ninth Circuit Rule 13(a)(1)B. Also, if the argument was not raised at the trial level, this court may refuse to consider it now. *See Whittaker Corp. v. Execuair Corp.,* 736 F.2d 1341, 1346–47 (9th Cir.1984). Because the issue has not been briefed by the parties, and we find no evidence that it was raised in the district court, we refuse to consider this argument.

■ Furthermore, the administrative interpretation of the statute is reasonable, and consistent with the statutory language and legislative history. The agencies have

established priorities for determining the governing body of a tribe from the eligible, competing entities. These priorities have been followed since 1977, and are consistent with the administrative interpretation of the Self-Determination Act's definition of "tribe." *See* BIA Bulletin at 2–3; Self-Determination Workbook at 1; Briefing Book at 7; 46 Fed.Reg. 27179 (May 18, 1981). If this court were to determine that CINA is a tribe under other language in the definition, CIRI would remain higher in priority for recognition as the entity which must request grants or contracts.

AFFIRMED.