**ALCATEL INFORMATION SYSTEMS, INC., et al., Plaintiffs,**

v.

**The STATE OF ARIZONA, et al., Defendants.**

**No. CIV 89–0188 PHX RCB.**

United States District Court, D. Arizona.

June 7, 1991.

Eugene D. Cohen, Lawrence G.D. Scarborough, Michael W. Patten, Kim E. Williamson, Thomas W. McCann, Brown & Bain P.A., Phoenix, Ariz., for plaintiffs.

Michael C. Cox, N. Warner Lee, Norman D. James, Sheryl Ann Taylor, Ryley Carlock & Applewhite P.A., Linda J. Pollock, Robert K. Corbin, Arizona Atty. General's Office, General Law, Civ. Div., for State of Ariz., Arizona Dept. of Health Services and Arizona Dept. of Environmental Quality.

Richard Thomas Lynch, Hill Lewis & Marce, Curtis D. Ensign, Law Offices of Curtis Ensign, Phoenix, Ariz., for Anocad Plating & Painting Co.

Charles Edward Jones, Joseph Allen Drazek, Jennings Strouss & Salmon, Phoenix, Ariz., for Arizona Petroleum Contractors and Consultants, Inc.

Robert J. Cruse, Keith B. Forsyth, Cruse Firetag & Bock, Phoenix, Ariz., for Arizona Sewer Service, Inc. and Fred's Pumping Service, Inc.

William Timothy Keane, William T. Keane, Phoenix, Ariz., for Bean & Co.

Philip A. Robbins, Robbins & Green P.A., Kenneth A. Hodson, Robbins & Green P.C., Phoenix, Ariz., for Berset Cesspool Service, Best Way Sewer & Drain Service, Bill's Grading & Landscaping and Rinchem Co.

Terrence P. Woods, Broening Oberg & Woods, Phoenix, Ariz., Robert L. Gulley, E. William Hutton, Donna Kolar, Snr. Lgl. Envrmnt. Cnsl., Browning–Ferris Industries Inc., Houston, Tex., for Browning–Ferris Industries of Arizona, Inc.

Charles J. Muchmore, Lucas J. Narducci, Nicholas J. Wallwork, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, Ariz., John T. Van Gessel, Oak Brook, Ill., for Chemical Waste Management, Inc.

William A. Harrell, W.A. Harrell, Phoenix, Ariz., for Farmers Agdustries, Inc.

Daniel A. Barker, Charles Kevin Dykstra, Bonnett Fairbourn & Friedman P.C., Phoenix, Ariz., for Dave Fellars Dump Truck Service, Inc.

Michael J. LaVelle, Allen Kimerer & Lavelle, Phoenix, Ariz., Larry W. Suciu, Suciu, Donovan & Schmitt, Yuma, Ariz., for Gowan Co.

Steven Feola, David Paul Dannacher, Smith & Feola, P.C., Phoenix, Ariz., for Karlson Machine Works, Inc.

Edward Calvin Fuchs, Gallagher & Kennedy, Phoenix, Ariz., James L. Meeder, Brobeck Phleger & Harrison, Los Angeles, Cal., for Liquid Air Corp.

Russell A. Kolsrud, Perry Pierson & Kolsrud, Phoenix, Ariz., for McGraw–Edison Co.

Jay M. Martinez, Richard Curtis Cole, Jr., Steven Bennett, Martinez & Curtis, P.C., James F. Kahn, Kahn & Freeman P.A., Timothy R. Smock, Scult Lazarus & French P.A., Kenneth A. Hodson, Robbins & Green, P.C., Phoenix, Ariz., for Phil's Pumping & Rooter Service, Inc.

Jack H. Simon, Mesa, Ariz., for Rick's Cesspool Service.

Robert Dysart, Bess & Dysart P.C., Phoenix, Ariz., for Union Carbide Corp.

William P. French, Ann A. Scott Timmer, Scult French Zwillinger & Smock, Phoenix, Ariz., for Union Mfg., Inc.

Charles J Muchmore, Lucas J. Narducci, Nicholas J. Wallwork, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, Ariz., for Universal Waste Control, Inc.

Steven B. Weatherspoon, Chandler, Tullar, Udall & Redhair, Tucson, Ariz., for Valley Steel & Supply Co.

H. Theodore Werner, Jr., H. Theodore Werner, Chandler, Ariz., Bruce J. Berger, Joe G. Hollingsworth, Spriggs & Hollingsworth, Washington, D.C., for Velsicol Chemical Corp.

Harry M. Beggs, Jeffrey R. Parker, Carson Messinger, Phoenix, Ariz., for Wayne Oxygen, Inc.

George R. Sorenson, Patrick Edward Burke, Sorenson & Moore, Phoenix, Ariz., for Green Genie Nurseries, Inc.

## ORDER

BROOMFIELD, District Judge.

Plaintiffs move for summary judgment on Chemical Waste's CERCLA liability on the ground that site selection is not a necessary element to transporter liability for hazardous waste deposited at a "facility" as defined by the act.[1] Having considered the parties' written submissions and heard oral argument, the court will deny plaintiffs' motion.

Determining whether site selection is a necessary element of transporter liability requires interpretation of the applicable CERCLA provision:

> any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person....

42 U.S.C. § 9607(a)(4). Plaintiffs conclude that under this section only sites that are neither "facilities" nor "incineration vessels" require site selection to establish transporter liability. Both parties purport to rely upon the plain language of this provision. As plaintiffs admit, however, the parties to this action, including plaintiffs until very recently, this court, numerous other courts, and the EPA have "assumed" that this provision requires site selection to establish transporter liability whether the hazardous substances were transported to a facility, an incineration vessel or any other site. The language of this section obviously is not plain enough to serve as the basis for deciding this issue.

Plaintiffs also contend that the rules of statutory construction require that the phrase "selected by such person" be interpreted as applying only to "sites," and not to "facilities" or "incineration vessels." Plaintiffs' interpretation of the provision is supported by the "last antecedent" doctrine, according to which a modifying phrase is applied only to the last antecedent preceding it, absent a clear intention to the contrary. The court does not consider that basis standing alone sufficient to support plaintiffs' conclusion, however, in light of stronger indications of a different interpretation.

---

1. Plaintiffs also contend that Chemical Waste has conceded all other elements of liability, and summary judgment should therefore be entered against Chemical Waste if the court finds site selection not to be a necessary element of liability. Chemical Waste counters that plaintiffs have not yet established a prima facie case of liability as to any load of hazardous substances carried by Chemical Waste and thus denies that the court should grant summary judgment on liability if site selection is found not to be a necessary element. Having determined that site selection is a necessary element to proving Chemical Waste's liability, the court does not reach the question of whether plaintiffs have established the other necessary elements to proving Chemical Waste's liability.

In their second statutory construction argument, plaintiffs contend that, because "facility" is defined to include a "site," 42 U.S.C. § 9601(9), the word "sites" in section 9607(a)(4) would be redundant unless interpreted as having been included as the sole antecedent for the modifying phrase "selected by such person." Although this argument has an initial appeal, the court does not agree with plaintiffs' conclusion. The act defines as a "facility" sites "where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located...." 42 U.S.C. § 9601(9). Thus, under plaintiffs' interpretation, the only "site" that would require site selection to prove transporter liability would be a site at which no waste had previously been deposited. The incongruous result would be that a transporter would be less likely to be found liable for depositing hazardous waste at an as-yet uncontaminated site, where site selection must be proved, than for depositing the waste at a site where hazardous waste already had been deposited (a "facility").

Plaintiff also relies on a district court decision in which the court interpreted this section as imposing liability for transporting waste to "one of three specified destinations: (1) a disposal facility; (2) a treatment facility; (3) a site selected by the transporter." *Jersey City Redevelopment Authority v. PPG Industries*, 18 Env. L.Rep. 20364, 20366, 1987 WL 54410 (D.N.J.1987). Having found that the site was not selected by the transporter, however, the court found the transporter not liable on that basis alone. The court also recognized that decisions imposing transporter liability had explicitly found site selection and that commentators agreed the statute was intended to impose liability only on transporters who selected the site. *Id.* Furthermore, as noted in a subsequent decision, *Jersey City's* interpretation of the statute was not accompanied by any analysis that might shed light on the section's inherent ambiguity. *United States v. Western Processing Co.*, 756 F.Supp. 1416, 1419 (W.D.Wash.1991).

■ The court in *Western Processing* identified several factors supporting an interpretation of the statute as requiring transporter site selection regardless of whether or not the site was a "facility." *Id.* First, the court noted that United States Senators involved in drafting CERCLA spoke of the site selection requirement during the course of hearings concerning amendments to RCRA to bring that act in line with CERCLA in that respect. *Id.* (citing 130 Cong.Rec. § 9177 (daily ed. July 25, 1984)). As plaintiffs argue, comments by legislators occurring well after enactment of the legislation carry little weight. *Cook Inlet Native Ass'n v. Bowen*, 810 F.2d 1471, 1475 (9th Cir.1987). Such comments are not to be ignored, however, if consistent with other evidence of the proper interpretation. *Wilshire Westwood Assoc. v. Atlantic Richfield*, 881 F.2d 801, 808 (9th Cir.1989).

■ The court in *Western Processing* also relied on the EPA's interpretation of the statute as reflected in its stated policy of enforcing the statute against only transporters who selected the deposit site. *Western Processing*, 756 F.Supp. at 1419. The court concurs with *Western Processing* in its reliance on the EPA's interpretation of this section. *See Wilshire Westwood*, 881 F.2d at 808 (EPA's interpretation of CERCLA provision in internal memoranda and *Federal Register* pronouncements held to be "highly persuasive evidence.") The cases plaintiffs rely upon in objecting to the court's deference to the EPA's interpretation are inapposite. In *Salehpour v. INS*, the agency attempted to add a requirement clearly not included in the statute under its plain language. *Salehpour v. I.N.S.* 761 F.2d 1442, 1447 (9th Cir.1985). As stated above, the court does not consider the plain language of the section at issue here to be an adequate basis for determining the site selection issue. In *American Federation of Government Employees v. FLRA*, the issue concerned the deference a court should accord to the agency's opinion as expressed in an *amicus* brief. *American Federation of Government Employees v. FLRA*, 840 F.2d 947, 952–53 (D.C.Cir.1988).

Plaintiffs also contend that the court in *Western Processing* incorrectly concluded that "sites" and "facilities" are not "virtually interchangeable." *Western Processing*, 756 F.Supp. at 1420. The court defined "sites" as a broad term that includes "facilities." *Id.* Plaintiffs on the other hand view "facilities" as the broader term of which "sites" is only a subset. The court need not determine which view is correct, however, because the answer to that question is not determinative of whether "selected by such person" refers to both "facilities" and "sites." As noted earlier, even if plaintiffs' view is correct, the "sites" included in "facilities" are sites at which hazardous substances have been deposited. 42 U.S.C. § 9601(9). Thus, the only sites not included in "facilities" are those at which no hazardous waste has previously been deposited. The court does not accept the conclusion plaintiffs' interpretation would dictate: that transporters would be liable for carrying hazardous substances to previously-contaminated sites even if they did not select the site but would be liable for carrying waste to previously uncontaminated sites only if they selected the site. In addition, the site selection language surely was not intended to apply only to previously uncontaminated sites, undoubtedly a small percentage of the sites falling within the CERCLA provisions.

Finally, as Chemical Waste argues, prior to enactment of the Superfund Amendments and Reauthorization Act in 1986, the courts and the EPA had been interpreting the statute to require site selection as a prerequisite to any transporter liability. *E.g. United States v. South Carolina Recycling and Disposal, Inc.*, 653 F.Supp. 984, 1005 (D.S.C.1984). The Congress is presumed to have been aware of these interpretations when it re-enacted this provision without revision. *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 381 n. 66, 102 S.Ct. 1825, 1841, n. 66, 72 L.Ed.2d 182, 203 (1982). Thus, the court concludes that this interpretation accorded with Congress' intention that only transporters who selected the deposit site, whether a facility, an incineration vessel, or any other site, would be liable under the act.

IT IS ORDERED denying plaintiffs' motion for partial summary judgment on Chemical Waste's CERCLA liability (Doc. No. 803).