UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco BONILLA–MONTENEGRO,
Defendant–Appellant.

No. 02–50141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Filed June 9, 2003.

Marisa L. Dersey, Federal Defenders of San Diego, Inc., San Diego, CA, for the appellant.

Carol C. Lam, United States Attorney (when opinion was filed), Patrick K. O'Toole, United States Attorney (when brief was filed) and Dennise D. Willett, Assistant U.S. Attorney, San Diego, CA, for the plaintiff-appellee.

Before HALL, KOZINSKI and RAWLINSON, Circuit Judges.

## OPINION

RAWLINSON, Circuit Judge:

Francisco Bonilla–Montenegro ("Bonilla") appeals from his conviction and sentence for attempted reentry after deportation and false claim to United States citizenship in violation of 8 U.S.C. § 1326 and 18 U.S.C. § 911, respectively. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). Because Bonilla's sentence is error-free, we **AFFIRM**.

## I. FACTS/PROCEDURAL HISTORY

A jury convicted Bonilla of attempted reentry after deportation, in violation of 8

U.S.C. § 1326, and false claim to United States citizenship, in violation of 18 U.S.C. § 911. The district court sentenced Bonilla on March 11, 2002, and Bonilla filed a timely notice of appeal.

Bonilla assigns as error the district court's application of a sixteen-level enhancement to his offense calculation.[1] Specifically, Bonilla contends that a typographical error contained within the Judgment and Conviction ("J & C") renders his sentence void. Bonilla further contends that the government failed to prove Bonilla's conviction of an aggravated felony by clear and convincing evidence. Finally, Bonilla argues that his prior conviction for voluntary manslaughter is not a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1). We disagree.

## II. STANDARDS OF REVIEW

█ "The district court's interpretation of the Sentencing Guidelines is reviewed de novo." *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1142 (9th Cir.2001) (citation omitted). The determination whether a prior conviction is an aggravated felony is also reviewed de novo. *United States v. Hernandez–Castellanos*, 287 F.3d 876, 878 (9th Cir.2002).

## III. DISCUSSION

### A. The Clerical Error in the Record Judgment and Conviction ("J & C")

Bonilla challenged the accuracy of his prior criminal record as reflected in the presentence report ("PSR"). Bonilla specifically denied the allegation that he was convicted of voluntary manslaughter in violation of Cal.Penal Code § 192(a)(1) because the certified copy of the J & C received into evidence stated that Bonilla

violated "PC 192(A)(1)," which does not exist.

█ It appears that the J & C contains a typographical error. However, such an error does not inevitably require vacation of the sentence. As we have previously opined, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." *See Chowdhury v. I.N.S.*, 249 F.3d 970, 973 n. 2 (9th Cir.2001) (citation omitted). The J & C expressly names the crime of which Bonilla was convicted, to wit: voluntary manslaughter. The evident oversight of the incorrect statutory citation in no way negates the effect (or existence) of the prior conviction. *See id.*

### B. The Government's Burden to Establish Bonilla's Conviction for an Aggravated Felony

Bonilla next argues that the district court erred in enhancing his offense level by sixteen levels when the only evidence presented was in the presentence report and the inaccurate J & C. In this regard, Bonilla contends that, in order to apply the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), the government was required to prove Bonilla's conviction for an aggravated felony by clear and convincing evidence. Alternatively, Bonilla posits that even if a preponderance standard applies, the government still failed to carry its burden.

█ "[D]ue process is generally satisfied by using a preponderance of the evidence standard to prove sentencing factors that are set forth in the [United

---

1. Bonilla asserts several additional arguments on appeal, which we address in a separately filed memorandum disposition.

**1050**

States Sentencing Guidelines]." *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir.2001) (citation omitted). However, when a sentencing factor has an extremely disproportionate effect on the sentence, the government must prove the sentencing enhancement by clear and convincing evidence. *Id.*

■ In this case, the sixteen-level enhancement increased Bonilla's sentencing range from a six— to twelve-month range to a sixty-three to seventy-eight month range. We have applied the clear and convincing standard in other cases evidencing a similar impact. *See id.* at 929 (holding that failure to apply a clear and convincing evidence standard was plain error when the district court applied a nine-level increase that changed the sentencing range from 70–87 months to 151–188 months); *see also United States v. Munoz*, 233 F.3d 1117, 1127 (9th Cir.2000) (applying the clear and convincing standard where the sentencing factor increased defendants' individual sentencing ranges from 12–18 months to 41–51 months); *United States v. Mezas de Jesus*, 217 F.3d 638, 643 (9th Cir.2000) (applying the heightened standard where the sentencing range was increased from 21–27 months to 57–71 months). Given the substantially increased sentence, the district court should have required proof of a prior conviction by clear and convincing evidence. However, even under this more demanding standard, Bonilla's challenges fail because the record contains evidence sufficient for us to conclude that the district court's conclusion was correct. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000).

■ Bonilla correctly observes that a presentence report alone is not always sufficient evidence of a prior conviction. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1212 (9th Cir.2002) (en banc). However, the government may satisfy its burden by producing a presentence report specifying the statute under which a defendant was previously convicted. *See Romero–Rendon*, 220 F.3d at 1164–65. In this case, the PSR listed the wrong statute of conviction. Although this is an understandable mistake—an apparent clerical error—listing the wrong statute is tantamount to listing no statute at all, rendering "[t]he statement in the PSR [ ] insufficient to establish that the disputed conviction was a qualifying aggravated felony." *See United States v. Jimenez*, 258 F.3d 1120, 1126–27 (9th Cir.2001) (citation omitted).

■ However, the PSR did list the crime, and Bonilla admitted to having committed voluntary manslaughter in an application for benefits to the INS. This evidence indicates that "[t]he most likely statute of conviction is California Penal Code [§ 192(a)]." *See id.* Whatever the standard of proof, we conclude that the district court did not err in finding that the government had met its burden of establishing the predicate offense.

**C. Designation of Voluntary Manslaughter as a "Crime of Violence"**

Bonilla challenges the premise that voluntary manslaughter is a "crime of violence" as defined in Section 2L1.2(b)(1) of the Sentencing Guidelines. According to Bonilla, "attempted use" and "threatened use" of force both require specific intent. Bonilla further contends that California's voluntary manslaughter is not a categorical "crime of violence."

U.S.S.G. § 2L1.2(b)(1)(A) requires a sixteen-level increase in offense level if the defendant was previously deported after conviction for a "crime of violence." The Application Notes state that the term "crime of violence":

(I) means an offense under federal, state, or local law that has as an element

the use, attempted use, or threatened use of physical force against the person of another; and

(II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

■ ■ Bonilla posits that voluntary manslaughter is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) because § 2L1.2 requires a finding of specific intent, and the California crime of which he was convicted is only a general intent crime. We disagree, because our precedent instructs that designation of an offense as a "crime of violence" does not require intentional use of force. *See Trinidad–Aquino,* 259 F.3d at 1146; *see also Park v. I.N.S.,* 252 F.3d 1018, 1022 (9th Cir.2001) (holding that California's involuntary manslaughter statute is a "crime of violence" and recklessness is a sufficient *mens rea* to so establish).

■ Bonilla's fallback argument is similarly unpersuasive. Bonilla urges that because the Guideline lists the crime of violence definition in the conjunctive, the government must prove that the offense has a particular element *and* that the offense constitutes a specific type of crime. Contrary to Bonilla's position, we have held that a statute's use of disjunctive or conjunctive language is not always determinative. *See Alaska v. Lyng,* 797 F.2d 1479, 1483 n. 4 (9th Cir.1986). Rather, we must strive to give effect to the plain, common-sense meaning of the enactment without resorting to an interpretation that "def[ies] common sense." *Cook Inlet Native Ass'n v. Bowen,* 810 F.2d 1471, 1473–74 (9th Cir.1987) (citation omitted).

Recently, one of our sister circuits expressly considered and rejected Bonilla's contention. *See United States v. Gomez–Hernandez,* 300 F.3d 974, 979 (8th Cir.

2002). As the court noted in *Gomez–Hernandez:*

[C]onstruing "and" as a disjunctive in the new application note is consistent with the principle that courts avoid a statutory construction that would render another part of the same statute superfluous. *See Ratzlaf v. United States,* 510 U.S. 135, 140–41, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994). The crimes enumerated in subpart (II) include "burglary of a dwelling." The crime of burglary is defined differently by the laws of the various States, but burglary, or at least "generic" burglary, has never had as an element "the use, attempted use, or threatened use of physical force against the person of another." *See Taylor v. United States,* 495 U.S. 575, 580, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Therefore, if [the defendant's] construction of the "and" in application note 1(B)(ii) is correct, "burglary of a dwelling" would not be a crime of violence, despite its inclusion in subpart (II), because it does not contain the physical force element required in subpart (I). Thus, his interpretation would render part of the application note surplusage.

*Id.* at 978–80.

■ We find the Eighth Circuit's logic persuasive. As that court also observed, "the word 'includes' that introduces subpart (II) of application note 1(B)(ii) strongly suggests an intent that the enumerated crimes always be classified as 'crimes of violence.'" *Id.* at 979. We conclude that, because manslaughter is specifically enumerated in Section II, it is a "crime of violence." In doing so, we reiterate that a "crime of violence" does not require specific intent. *See, e.g., Park,* 252 F.3d at 1022. The district court properly construed § 2L1.2.

## IV. CONCLUSION

The district court appropriately enhanced Bonilla's sentence because the offense of voluntary manslaughter under California's penal code provision is a "crime of violence" for purposes of U.S.S.G. § 2L1.2.

**AFFIRMED.**