**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Freddy Jose BALITAN, Defendant—Appellant.**

**No. 05–10361.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.*

Filed May 9, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

L. Anthony White, Office of the U.S. Attorney, Reno, NV, for Plaintiff—Appellee.

Richard F. Cornell, Esq., David R. Houston, Esq., Reno, NV, for Defendant—Appellant.

Before HUG, ALARCÓN, and McKEOWN, Circuit Judges.

MEMORANDUM **

Defendant Freddy Jose Balitan pled guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326. He appeals his sentence of 41 months in prison. The district court made extensive findings and then concluded:

> The Court finds that this sentence is sufficient but not greater than necessary to comply with the purposes of sentencing as set forth in Title 18 United States Code Section 3553(a) after considering the sentencing guidelines advisory recommendation and all the factors included in Title 18 United States Code Section 3553(a)(1) through (7).

■ Balitan raises four issues on appeal. The first issue is whether the district court erred in following the United States Sentencing Guidelines rather than 18 U.S.C. § 3553(a) in determining the sentence to be imposed. It is clear from the statement quoted above that the district court properly followed 18 U.S.C. § 3553(a) after considering the Sentencing Guidelines. *See United States v. Booker*, 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

■ The second issue presented is whether the district court properly considered Balitan's conviction for voluntary manslaughter as a crime of violence justifying an enhancement of 16 levels under the Sentencing Guidelines. Balitan's conviction for voluntary manslaughter under California Penal Code § 192 is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Bonilla–Montenegro*, 331 F.3d 1047, 1051 (9th Cir.2003). The district court could not consider a collateral attack on the prior conviction. *United States v. Zarate–Martinez*, 133 F.3d 1194, 1199–1200 (9th Cir. 1998) (*implicit overruling on other grounds recognized in United States v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ballesteros–Ruiz,* 319 F.3d 1101, 1105 (9th Cir.2003)).

The third issue raised is whether the district court erred in failing to decrease Balitan's sentence in recognition of his "cultural assimilation" in the United States and his "imminent danger upon being deported." The district court considered both arguments in determining that the 41 month sentence was appropriate.

The fourth issue presented is whether Balitan's prior conviction needed to be proved beyond a reasonable doubt to a jury or admitted by Balitan, before being used to enhance the illegal reentry sentence. Post-*Booker,* we have held that a prior conviction need not be proved to a jury or admitted for enhancement purposes. *See United States v. Esparza–Gonzalez,* 422 F.3d 897, 907 (9th Cir.2005).

The district court appropriately considered the section 3553(a) factors in arriving at the sentence, including the passage of time since Balitan's prior conviction and his "cultural assimilation" and "imminent danger" arguments, and the sentence is reasonable.

AFFIRMED.