**Pedro PANIAGUA, Petitioner,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

No. 04–76596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed May 30, 2008.

Kevin H. Knutson, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, for Respondent.

Before: KLEINFELD and N.R. SMITH, Circuit Judges, and MILLS, District Judge.*

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' order denying Pedro Paniagua's application for cancellation of removal. We conclude that Paniagua is ineligible for cancellation of removal because his prior California convictions are "firearms offenses" under INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C).

The Petitioner claims he is not removable because the administrative record contains no documentation to establish the qualifying convictions. We have reviewed the administrative record and conclude that the Petitioner was convicted of the following offenses: (1) "carrying a loaded firearm," in violation of California Penal Code Section 12031(a); and (2) "exhibiting a firearm," in violation of California Penal Code Section 417(a)(2). Although no certified copy of the convictions was produced because of the amount of time that has elapsed since the convictions, we conclude that the Petitioner's attorney's admission was sufficient to establish the convictions for both gun crimes.

In *Barragan–Lopez v. Mukasey*, 508 F.3d 899 (9th Cir.2007), we observed that a petitioner's "own admissions constitute clear, convincing, and unequivocal evidence" of eligibility for removal. *Id.* at 905. At a hearing before the immigration judge, the Petitioner's counsel admitted that Petitioner was convicted of both gun crimes alleged in the Notice to Appear. Although counsel denied removability under those charges, the admission is sufficient to establish the fact of the convictions pursuant to *Barragan–Lopez.*

The Petitioner also asserts that he is not removable because he did not admit to violating Cal. Pen.Code § 12031(a). Rather, he admitted to violating items 6 and 7

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on Form I–261, which correspond to Cal. Pen.Code §§ 12301(a) and 417(a)(2). Despite the clerical error that transposed the 3 and 0, Paniagua admitted to both crimes accurately described in the I–261 as "carrying a loaded firearm" and "exhibiting a firearm." Therefore, despite this clerical error, "the most likely statute[s] of conviction" were §§ 12031(a) and 417(a)(2). *See United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1050 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**