**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Manuel SALAZAR–CRUZ, a/k/a Jose Manuel Salazar, Manuel Zalasar, Manuel Cruz Zepeda, Manuel Jose Cruz and Bobo, Defendant—Appellant.**

**No. 05–50919.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 16, 2008.

Becky S. Walker, Esq., Karen I. Meyer, Esq., Elyssa Getreu, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Manuel Salazar–Cruz appeals from the district court's imposition of a 57–month sentence. Salazar–Cruz pled guilty to violating 8 U.S.C. § 1326 for being an illegal alien found in the United States following deportation. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Salazar–Cruz argues that the district court plainly erred when it increased his Offense Level by sixteen points for a "crime of violence" on account of his California voluntary manslaughter conviction. This argument fails because that offense is indeed "a 'crime of violence' for purposes of U.S.S.G. § 2L1.2." *United States v. Bonilla–Montenegro*, 331 F.3d 1047, 1052

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2003). Furthermore, the Sentencing Guidelines state that "[p]rior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. 5 (2005).

Salazar–Cruz also asserts that the district court erroneously applied the guideline range as "a presumptive sentence" and did not adequately review the 18 U.S.C. § 3553(a) factors or detail its sentencing decision. We disagree. The district court in this case discussed Salazar–Cruz's request for a downward departure, noted that the Guidelines were "advisory," stated it "believe[d]" the guideline range to be "reasonable" under § 3553, and imposed a sentence at the low-end of that range. Further, as in *United States v. Carty*, 520 F.3d 984, 996 (9th Cir.2008) (en banc), *cert. denied, Zavala v. United States*, — U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008), the court mentioned that it had "considered" the sentencing memoranda of the parties, which included Salazar–Cruz's § 3553(a) arguments. There was no error committed by the district court in these respects. *See United States v. Rivera*, 527 F.3d 891, 911 (9th Cir.2008); *Carty*, 520 F.3d at 996.

Salazar–Cruz correctly acknowledges that his argument that § 1326(b) is unconstitutional is foreclosed by Ninth Circuit case law. *See, e.g., United States v. Narvaez-Gomez*, 489 F.3d 970, 977–78 (9th Cir.2007).

**AFFIRMED.**