**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50476 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00723-H-1 |
| v. | |
| GILBERTO TORRES-ORDONEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

Gilberto Torres-Ordonez ("Torres") appeals his 65-month sentence for

unlawful reentry after deportation in violation of 8 U.S.C. § 1326. Torres argues,

first, that the documents used to prove that a 1992 robbery conviction pertained to

him, and thereby to make him eligible for a 16-level enhancement under U.S.S.G.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 2L1.2(b)(1)(A)(ii), were inadmissible under *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). Torres maintains, second, that even if the enhancement was properly applied, his sentence was substantively unreasonable. We affirm.

1. We reject Torres's first argument because the Confrontation Clause does not apply to sentencing. *United States v. Littlesun*, 444 F.3d 1196, 1199-1200 (9th Cir. 2006). Instead, evidence introduced at sentencing need only contain "minimal indicia of reliability" to comport with due process. *United States v. Horvath*, 522 F.3d 904, 905-06 (9th Cir. 2008) (citation omitted). The evidence relied upon by the district court to find that the 1992 robbery conviction was that of Torres meets this standard. *See United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009); *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998).

2. It appears that the district court may have used a preponderance of the evidence standard rather than a higher standard when it found the 1992 robbery conviction was Torres's and therefore supported a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As our precedents make clear, when a sentencing factor has a "disproportionate effect" on a defendant's sentence, it must be found by clear and convincing evidence. *See, e.g.*, *United States v. Bonilla Montenegro*, 331 F.3d 1047, 1050 (9th Cir. 2003); *United States v. Jordan*, 256 F.3d 922, 928 (2001). The enhancement here had such an effect on Torres's sentence. *See*

*Bonilla Montenegro*, 331 F.3d at 1050. But Torres failed to argue that the district court used the wrong standard either to the district court or to this panel, and has thus not even attempted to carry his burden of demonstrating that this error affected his substantial rights, which is far from apparent. *See United States v. Marcus*, 130 S. Ct. 2159, 2164-65 (2010). Accordingly, we decline to exercise our discretion to correct any error. *See United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2007).

3. The district court did not abuse its discretion in sentencing Torres to a 65-month term of imprisonment. *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). Significant factual differences render unavailing Torres's argument that his sentence is substantively unreasonable under *United States v. Amezcua Vasquez*, 567 F.3d 1050 (9th Cir. 2009). First, Torres's criminal history is substantially more extensive than was that of Amezcua Vasquez. Second, Torres has a prior conviction for illegal reentry and has been incarcerated for nine of the fifteen years prior to his sentencing for the instant crime. Moreover, and unlike in *Amezcua Vasquez*, the district court did take the age of Torres's robbery conviction into account by reducing Torres's total offense level by three. Whether or not Torres is right that a lower sentence is more appropriate, "[t]he fact that [we] might reasonably [conclude] that a different sentence [is] appropriate is insufficient to

3

justify reversal of the district court." *Amezcua Vasquez*, 567 F.3d at 1055 (quoting

*Gall v. United States*, 552 U.S. 38, 51 (2007) (alterations in original)).

Affirmed.