**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50021 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03835-W |
| v. | |
| ORILON LOPEZ-SOLIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before:     PREGERSON and MURGUIA, Circuit Judges, and CONLON,
District Judge.[**]

Orilon Lopez-Solis appeals from the 46-month sentence imposed following

his guilty-plea conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

In 1993, Lopez-Solis was convicted of attempted murder in the Superior Court of Los Angeles County. He was sixteen years old when he was convicted. It is unclear from the record whether he was convicted as a juvenile or an adult. An adult conviction for a crime of violence would result in a sentencing enhancement of 16 levels, but this enhancement would not apply to a juvenile conviction. U.S.S.G. § 2L1.2(b)(1)(A), cmt. n.1(A)(iv) ("Subsection (b)(1) does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted.").

It was the government's burden to support its position that Lopez-Solis was convicted as an adult with clear and convincing evidence. *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049–50 (9th Cir. 2003). The government relied on copies of two Superior Court minute orders prepared by a clerk, which were found in an immigration file. The district judge relied in part on his own past experience as a Superior Court judge to conclude that the use of an adult court form, the

waiver of a jury trial (which a juvenile would not be entitled to), and a plea of nolo contendere (a plea reserved for adults) amounted to clear and convincing evidence that the attempted murder was an adult conviction. We disagree.

The two minute orders produced from government files were ambiguous. The minute orders reflect the case was transferred from "SC A" to "SC J," and Lopez-Solis was sentenced in "SC J." The record does not reflect whether "J" refers to a juvenile division of the court, as Lopez-Solis argues, or to the tenth courtroom in the courthouse (because J is the tenth letter of the alphabet), as the government speculates. The submitted forms were prepared by a clerk and not the Superior Court judge. This unanswered question leaves open the possibility that the clerk could have mistakenly used the wrong forms for these two orders.

Several other factors suggest Lopez-Solis may not have been convicted as an adult. The indeterminate sentence imposed by the Superior Court could be inconsistent with an adult sentence. Lopez-Solis was remitted to the custody of the California Youth Authority. He was released when he reached the age of 25. In his subsequent deportation order, he was not designated as an aggravated felon, suggesting there was no adult conviction to serve as a basis for deportation. The government failed to provide any court orders, transcripts, or other reliable evidence that would establish the adult or juvenile nature of the attempted murder

conviction. The record does not reflect clear and convincing evidence Lopez-Solis was convicted as an adult.

The district court abused its discretion in applying the 16-level enhancement for an adult conviction based on the record before it. We need not reach the other issues raised on appeal.

**SENTENCE VACATED. REMANDED FOR RESENTENCING.**

11-50021