**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50376 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-01170-JLS-1 |
| v. | |
| ABEL GUILLERMO GODOY, AKA Abel Guillermo Godoy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted February 2, 2021**
Pasadena, California

Before: GOULD, LEE, and VANDYKE, Circuit Judges.

Defendant-Appellant Abel Guillermo Godoy, a citizen of Mexico, appeals

from his conviction of being a removed alien found in the United States, in

violation of 8 U.S.C. § 1326(a) and (b). Before sentencing, a probation officer

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

authored a Presentence Investigation Report ("PSR") that listed Godoy's prior felony convictions, the dates of those convictions, and the specific statutes Godoy violated. Because Godoy had a prior aggravated felony conviction, the PSR applied the applicable enhancement and calculated a 20-year statutory maximum. *See* 8 U.S.C. § 1326(b)(2). Godoy did not contest the factual accuracy of the PSR in any way. At sentencing, the district court relied on the PSR's calculated guidelines range of 57 to 71 months—with which the defense agreed—and sentenced Godoy to 60-months imprisonment and 3 years of supervised release. Because Godoy did not object to the PSR or the district court's reliance on the PSR, we review Godoy's sentencing claims for plain error. *United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir. 2001). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. Godoy challenges the district court's sentence on two grounds. First, Godoy contends that because neither the PSR nor the district court specified which of Godoy's felonies is an aggravated felony, the government did not prove the factual basis of the 8 U.S.C. § 1326(b)(2) sentencing enhancement. We disagree. Godoy was convicted of violating 8 U.S.C. § 1326(a), a statute carrying a maximum sentence of 2 years. But the statutory maximum is raised to 20 years if the defendant's removal was "subsequent to" an aggravated felony. 8 U.S.C. § 1326(b)(2). The district court did not err because clear and convincing evidence

2

demonstrates the factual basis for the sentencing enhancement—that Godoy was convicted of a qualifying offense, in this case an aggravated felony, prior to his 2015 removal. *See United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049–50 (9th Cir. 2003). Here, the Government alleged in the indictment that Godoy was removed after April 18, 2015, and the jury expressly found that date of removal beyond a reasonable doubt. *See United States v. Salazar-Lopez*, 506 F.3d 748, 752 (9th Cir. 2007). To establish the factual basis underlying a prior conviction, "evidence additional to an uncontroverted PSR is not necessary if the PSR specifies the statutory section of conviction." *United States v. Romero-Rendon*, 220 F.3d 1159, 1164–65 (9th Cir. 2000). Here, the uncontroverted PSR clearly shows Godoy's prior conviction for possession of cocaine base for sale and listed the specific statute under which Godoy was charged, Cal. Health & Safety Code § 11351.5. Because this offense qualifies as a drug trafficking offense, it is properly considered to be an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See United States v. Morales–Perez*, 467 F.3d 1219, 1223 (9th Cir. 2006).

2. Godoy next contends that under the Sixth Amendment, his prior convictions must be alleged in the indictment and be found by a jury beyond a reasonable doubt. We disagree. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that the fact of a prior conviction which is used to enhance a statutory maximum is a mere "sentencing factor" and not an

element of the offense. *Id.* at 230–31. In 2000, the Court held that under the Sixth Amendment, "any fact (*other than prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (emphasis added) (citation omitted). *Almendarez-Torres* remains a "narrow exception" to the general rule in *Apprendi* and its progeny. *Id.* at 490; *see also Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013). Because *Almendarez-Torres* has not been expressly overruled by the Supreme Court, the decision forecloses Godoy's claim. Godoy responds by urging us to conclude that *Almendarez-Torres* was overruled by implication in *United States v. Haymond*, 139 S. Ct. 2369 (2019). We decline to decide that question, noting that the Supreme Court has prohibited lower courts from holding that the higher court overruled its own precedent by implication. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (citation omitted).[1]

**AFFIRMED.**

---

[1] Godoy also cites *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), for the proposition that lower courts are bound by a higher court's "mode of analysis," and that if the higher court "undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable," lower courts are "bound by the intervening higher authority." *Id.* Godoy's reliance on *Miller* is misplaced, however, because *Miller* refers to Supreme Court or Ninth Circuit en banc decisions that undercut "prior *circuit* precedent." 335 F.3d at 900 (emphasis added).