**Jamalur Rashid CHOWDHURY,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 99–71159.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2001

Filed May 14, 2001

Edgardo Quintanilla and David A. Rowe, Sherman Oaks, California, for the petitioner.

Ronald E. LeFevre, Chief Legal Officer, Immigration and Naturalization Service, San Francisco, California, John P. Moran and Margaret Perry, Office of Immigration Litigation, Immigration and Naturalization Service, Washington, D.C., for the respondent.

Before: D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

D.W. NELSON, Circuit Judge:

Jamalur Rashid Chowdhury petitions for review of the Board of Immigration Appeals' ("BIA") decision finding him removable under the Immigration and Nationality Act ("INA") as an "alien who is convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). We have jurisdiction to determine whether jurisdiction is available under 8 U.S.C. § 1252(a)(2)(C). Chowdhury argues that his conviction for laundering $1,310 does not constitute an "aggravated felony" because, under 8 U.S.C. § 1101(a)(43)(D), the amount of funds laundered must exceed $10,000. We agree and grant the petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Chowdhury entered the United States as a student in 1984. He is a native and citizen of Bangladesh, but became a lawful permanent resident on December 1, 1990. On May 18, 1994, he was indicted for multiple counts of mail fraud, wire fraud, money laundering, interstate transportation of stolen goods and conspiracy to commit all of the above. Chowdhury and his co-defendants operated a scheme to collect fraudulent insurance settlements by setting up false automobile accidents, medical examinations, and legal claims.

On June 6, 1995, Chowdhury pleaded guilty to two counts: (1) conspiracy to commit mail fraud, wire fraud, money laundering, and interstate/foreign transportation of stolen property; and (2) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A). The money laundering transaction (Count 12 of the indictment) involved one check issued in the amount of $1,310. Chowdhury was sentenced to 46 months in prison and ordered to pay $967,753.39 in restitution. The Judgment of Conviction contained a clerical error listing the substantive offense as Money Laundering in violation of 18 U.S.C. § 1956(c)(1)(A)(i) instead of § 1956(a)(1)(B)(i).

On February 9, 1998, the Immigration and Naturalization Service ("INS") initiated removal proceedings against Chowdhury under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony.[1] The INA defines aggravated felony as including "an offense described in 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000." 8 U.S.C. § 1101(a)(43)(D). The Notice to Appear repeated the clerical error in the Judgment of Conviction stating that Chowdhury's aggravated felony conviction was for violating 18 U.S.C. § 1956(c)(1)(A)(i). A removal hearing was held on April 17, 1998, before an Immigration Judge in Oakdale, Louisiana. During that hearing Chowdhury argued that he was not removable as charged because the INS could not satisfy the $10,000 requirement under 8 U.S.C. § 1101(a)(43)(D). The IJ continued the case for a further hearing on the issue of the $10,000 threshold. Before this hearing could take place, however, venue was changed to Los Angeles, California. A

---

1. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended, Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996), apply to this case because removal proceedings were initiated after April 1, 1997. *See Ratnam v. INS*, 154 F.3d 990, 993 n. 1 (9th Cir.1998).

second removal hearing was held before an IJ in Los Angeles on September 30, 1998 and again Chowdhury argued that he was not convicted of an aggravated felony because his money laundering conviction did not involve funds in excess of $10,000.

The IJ found Chowdhury removable as charged, but failed to issue a written decision. Chowdhury appealed and the BIA remanded for the IJ to complete a written decision. On remand, the IJ issued a written decision finding Chowdhury removable for committing an aggravated felony under 8 U.S.C. § 1101(a)(43)(D) because the $967,753.59 in restitution was far in excess of $10,000. At that point, the IJ went even further and held that Chowdhury was removable for committing an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(G) ("a theft offense ... for which the term of imprisonment [is] at least 1 year") and (M) ("an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000") as well.

Chowdhury appealed arguing that (1) the INS failed to prove his criminal conviction was for an offense of money laundering because § 1956(c)(1)(A)(i) refers to a definition section of the statute, not a substantive offense; (2) the INS failed to prove that the funds involved exceeded $10,000 because the overall loss to the victims from the scheme was irrelevant; (3) the IJ violated his due process rights by failing to reopen the case for additional arguments on the allegations contained in the Notice to Appear; and (4) the IJ violated due process by finding the appellant removable under INA §§ 101(a)(43)(G) and (M). The BIA affirmed the IJ's decision with regards to the money laundering aggravated felony, but reversed the IJ's decision that Chowdhury was removable under INA §§ 101(a)(43)(G) and (M) because these bases were not included in the Notice to Appear. The BIA rejected Chowdhury's claim that he was denied due process because he failed to establish prejudice and any argument he would have presented to the IJ was already presented to the BIA on appeal. Finally, the Board concluded that it did not have the authority to say that a conviction for violating § 1956(c)(1)(A)(i) was not a criminal offense under § 1956. Chowdhury filed a timely notice of appeal.

## II. STANDARD OF REVIEW

We review the BIA's determination of purely legal questions regarding the INA de novo. *Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000). The BIA's interpretation of immigration laws is entitled to deference. *Immigration and Natualization Service v. Aguirre–Aguirre,* 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999). We are not obligated, however, to accept an interpretation that is contrary to the plain and sensible meaning of the statute. *Beltran–Tirado v. INS,* 213 F.3d 1179, 1185 (9th Cir.2000). We must first determine whether there is any ambiguity in the statute using traditional tools of statutory interpretation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect."). Only after determining that a statute is ambiguous do we defer to an agency's interpretation. *Id.* at 843, 104 S.Ct. 2778.

Claims of due process violations in deportation proceedings are also reviewed de novo. *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000).

## III. DISCUSSION

■ Money laundering is an aggravated felony "if the amount of the funds exceed-

ed $10,000." 8 U.S.C. § 1101(a)(43)(D). Chowdhury pleaded guilty and was convicted of laundering $1,310. At sentencing, he was ordered to pay $967,753 in restitution to the victims. Therefore, we must decide whether the phrase "amount of the funds" in 8 U.S.C. § 1101(a)(43)(D) refers to the amount of money that was laundered or the amount of loss suffered by the victims of the underlying criminal activity.[2]

The INS argues that the sentencing judge's restitution order is the proper measure of the "amount of the funds" involved in the money laundering conviction. The amount of restitution is based on the loss suffered by the victim. Therefore, the BIA and the IJ's decisions depend on reading the phrase "amount of the funds" to mean "loss to the victim." In support of this position, the INS relies almost entirely on the deference afforded reasonable agency interpretations of statutes under *Chevron* and *Aguirre–Aguirre.* The INS is correct that after *Aguirre–Aguirre* we must be particularly aware of Congress's intent in the immigration context to locate interpretive authority in the INS and not the courts. Nevertheless, deference under *Chevron* and *Aguirre–Aguirre* presupposes some ambiguity in the governing statute. *See Aguirre–Aguirre,* 526 U.S. at 424, 119 S.Ct. 1439 (quoting *Chevron,* 467 U.S. at 843, 104 S.Ct. 2778). Here there is no such ambiguity and we cannot defer to

an interpretation that is contrary to the language of the statute.

Section 1101(a)(43)(D) defines an aggravated felony as "an offense described in 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) *if the amount of the funds exceeded $10,000."* (emphasis added). The plain language of the statute is clear. The phrase "if the amount of the funds" modifies the clause preceding it and, therefore, refers to the amount of money that was laundered. The statute does not mention the loss to the victim or the total proceeds of the criminal activity. The INS's construction effectively requires that we ignore the plain language and insert "loss to the victim" where the statute says "amount of the funds."

Traditional tools of statutory construction further support Chowdhury's position. When analyzing a statute we compare the language used in different sections and read it "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. EPA,* 942 F.2d 1427, 1432 (9th Cir.1991). If Congress intended to link the $10,000 threshold to the victim's losses, it had a clear model of statutory language in another paragraph of the same statute. Section

**2.** As an initial matter, we reject Chowdhury's argument that he cannot be removed as an aggravated felon because the Notice to Appear stated he was convicted of violating 18 U.S.C. § 1956(c)(1)(A) instead of § 1956(a)(1)(B)(i). While section 1956(c)(1)(A) is not the code section for a substantive criminal offense, but rather the definition section of the money laundering statute, this mistake was clearly the result of a clerical error made in the original Judgment of Conviction. "Clerical mistakes in judg-

ments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed.R.Crim.P. 36. Chowdhury was indicted for violating 18 U.S.C. § 1956(a)(1)(B)(i) and pleaded guilty to violating that code section on June 6, 1995. Therefore, he had sufficient notice of the conviction underlying his deportation proceeding, and any error in the Notice to Appear was harmless.

1101(a)(43)(M), which defines aggravated felony in terms of mail fraud, uses the language "in which the loss to the victim or victims exceeds $10,000." The only explanation for the different language between these two paragraphs is that Congress intended to measure the seriousness of a money laundering conviction by the amount of money that was laundered rather than by the amount of damage to the victim. Otherwise, Congress would have used the same language. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."); *Legacy Emanuel Hosp. and Health Ctr. v. Shalala,* 97 F.3d 1261, 1265 (9th Cir.1996).

The difference in statutory language makes sense when one considers the different injuries captured by money laundering and mail fraud statutes. The harm caused by money laundering is that it makes it more difficult to detect and prosecute criminal activity if the criminal hides the proceeds of that activity. The injury is suffered by the public fisc and the degree of harm is best measured by looking at the amount of money that has been hidden. Mail fraud, on the other hand, injures the individual who is defrauded and the best measure of that harm is the total loss to the victim.

This distinction is paralleled in the Sentencing Guidelines. Cases interpreting U.S.S.G. § 2S1.1(b)(2), hold that the sentencing judge must look to the amount of money that has been laundered rather than the total loss to the victim in calculating the sentence. *See, e.g., United States v. Allen,* 76 F.3d 1348, 1369 (5th Cir.1996). Moreover, our cases have noted that the guidelines for money laundering, which use the "value of the funds" language, measure harm differently than the guidelines for wire fraud which use the "loss to the victim" language. *See, e.g., United States v. Taylor,* 984 F.2d 298, 303 (9th Cir.1993) (holding that funds attributable to dismissed wire fraud count are not relevant conduct for money laundering conviction because the sentencing guidelines for wire fraud and money laundering measure harm differently).[3]

The plain language reading of 8 U.S.C. § 1101(a)(43)(D) is further bolstered by the fact that money laundering often occurs in cases where the underlying criminal activity does not involve loss to a victim. Where the proceeds from a drug transaction are laundered, for example, it would be meaningless to say that the amount of the funds refers to the amount of loss to the victim. Similarly, when laundering counterfeit money, there is often no identifiable victim for which restitution would be appropriate. In these scenarios, the phrase "amount of the funds" must mean exactly what the statute says-the amount of money laundered.

■ The INS's alternative argument, that Chowdhury's conspiracy conviction provides an independent basis for affirming the BIA's decision, is also without merit. At oral argument, the INS asserted

---

**3.** Significantly, when the district court sentenced Chowdhury according to a total offense level of 23, it implicitly acknowledged that the restitution figure of $967,753.59 was not a measure of the "funds" involved in Chowdhury's money laundering conviction. The base offense level for Chowdhury's money laundering offense was 23. The Guidelines provide for no adjustment if the funds were less than $100,000, but there is an upward adjustment of four levels for offenses involving funds between $600,000 and $1,000,000. U.S.S.G. § 2S1.1.

that Chowdhury is removable because his conviction for conspiracy to commit mail fraud, wire fraud, money laundering, and interstate transportation of stolen goods qualifies as a theft offense or an attempted theft offense under 8 U.S.C. §§ 1101(a)(43)(G) and (U), even though he was not charged with these specific grounds of removability in the Notice to Appear or at any point prior to oral argument. In *Briseno v. INS*, we rejected the argument that "it is sufficient to bar our jurisdiction that [Petitioner] committed an aggravated felony, whether that felony is charged or not." 192 F.3d 1320, 1322–23 (9th Cir.1999). Instead, we agreed with the First Circuit that "we do not read 'deportable by reason of having committed' an aggravated felony, IIRIRA § 309(c)(4)(G), as referring to felonies not charged at all in the Order to Show Cause." *Id.* at 1323 (citing *Choeum v. INS*, 129 F.3d 29, 38 (1st Cir.1997)). Chowdhury was charged in the Notice to Appear as being deportable because he was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(D) based on his money laundering conviction. He did not have the benefit of a hearing before the IJ or the BIA on the grounds for removal suggested by the INS during oral argument. Where an alien, as in this case, does not have notice of the alternative grounds for removal or the jurisdictional facts related to those grounds are disputed, 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction to review the order of removal.

## IV. CONCLUSION

Chowdhury's money laundering conviction does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43). His conspiracy conviction was not specified in

the Notice to Appear, and cannot serve as an independent basis for affirming the BIA's decision. As a result, we have jurisdiction to hear his appeal and we conclude that the BIA erred in finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).[4]

PETITION GRANTED.

---

4. Because we find that Chowdhury is not removable as aggravated felon based on his money laundering conviction, we need not address his due process claim.