Anthony ONYEJEKWE, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 01–71373.
I & NS No. A27–131–349.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 15, 2002.

Before HAWKINS, SILVERMAN, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Anthony Onyejekwe appeals an order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion to reopen deportation proceedings. Because the parties are familiar with the facts of the case, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309. We affirm.

Onyejekwe contends that his motion to reopen his deportation proceedings should have been granted because he never received the notice informing him of his July 9, 1997 hearing before the IJ. We disagree.

We review the denial of the motion to reopen for an abuse of discretion. *Varela v. INS*, 204 F.3d 1237, 1239 (9th Cir.2000). We review the decisions of both the BIA and the IJ where, as here, the BIA conducts review de novo, clearly incorporates the IJ's decision, and sets forth additional reasons of its own. *See Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996); *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995). Issues of law are reviewed de novo. *Chowdhury v. INS*, 249 F.3d 970, 972 (9th Cir.2001). Claims of due process violations in deportation proceedings are also reviewed de novo. *Id.* Factual determinations are reviewed for substantial evidence. *Lal v. INS*, 255 F.3d 998, 1000 (9th Cir. 2001).

Section 242(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b)(1) (1984), applies to this case because the deportation order was commenced by an Order to Show Cause that was issued before June 13, 1992. *See Lahmidi v. INS*, 149 F.3d 1011, 1013 (9th Cir.1998). The IJ incorrectly used the notice standard in INA § 242B, 8 U.S.C. § 1252b, in its analysis, which the BIA adopted. Onyejekwe did not argue that the BIA or IJ has abused its discretion by applying INA § 242B, and thus he has waived any argument in that regard. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

Section 242(b)(1) of the INA provides:

If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceed-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

To succeed on a motion to reopen on the grounds that the IJ held the hearing *in absentia*, the alien must establish "reasonable cause" for his absence from the hearing. *Hernandez–Vivas v. INS*, 23 F.3d 1557, 1559 (9th Cir.1994). This standard does not violate due process. *See Wijeratne v. INS*, 961 F.2d 1344, 1346 (7th Cir.1992). "An alien does not have to actually receive notice of a deportation hearing in order for the requirements of due process to be satisfied. Rather, due process is satisfied if service is conducted in a manner 'reasonably calculated' to ensure that notice reaches the alien." *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

Onyejekwe simply argues that he never received the certified mail, not that it was sent to an incorrect address. The service of notice of the July 9, 1997 hearing satisfied both INA § 242(b)(1) and due process requirements. Onyejekwe's failure to claim certified mail sent to the correct address does not establish reasonable cause for his failure to attend the hearing.

Moreover, notice of the hearing was sent by a means reasonably calculated to reach Onyejekwe. The Office of the Immigration Judge sent, by certified mail, notice of the hearing to Onyejekwe's address at "730 Nevada Street, Oakland, CA 94603." Onyejekwe had listed that address in his successful 1996 motion to reopen proceedings, and he had submitted a deed of trust showing that he had purchased a house at that address. Onyejekwe does not contend that he furnished a change of address notice; nor does he argue, or present any evidence, that the notice should not have gone to the Nevada Street address. It is also significant to note that the mail was returned with the indication "unclaimed," not with the indication that the addressee had moved on or was no longer at that address. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

AFFIRMED.