Leobardo DE LA TORRE–SALAZAR, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

Nos. 00–71287, 01–71422.
I & NS No. A72–060–150.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2002.

June 3, 2002.

Before HAWKINS, SILVERMAN, Circuit Judges, and RESTANI, Judge.*

MEMORANDUM **

The petitioner, Leobardo de la Torre, petitions for review of two orders of the Board of Immigration Appeals ("BIA"). Because the facts are familiar to the parties, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1105(a). Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") § 309. We deny the petitions.

De la Torre first argues that the BIA's September 15, 2000 deportation order should be reversed. We review de novo the BIA's determination of purely legal issues. *Chowdhury v. INS*, 249 F.3d 970, 972 (9th Cir.2001). The BIA's findings of fact are reviewed for substantial evidence. *Lal v. INS*, 255 F.3d 998, 1000 (9th Cir.

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2001). We conclude that the BIA correctly applied the stop-time rule under IIRIRA § 309(c)(5) and that its decision was supported by substantial evidence.

Even if the stop-time rule had not been applied, de la Torre would not have been eligible for a suspension of deportation as a result of his conviction. De la Torre is ineligible for a finding of good moral character because he was confined for a period of more than 180 days. 8 U.S.C. § 1101(f)(7) (precluding one from establishing good moral character if he "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more ..."). The petitioner argues that this provision does not apply to him because he served 314 days of his 365-day sentence prior to his conviction. This argument is not persuasive because petitioner was simply given credit for time served. Accordingly, the conviction falls under 8 U.S.C. § 1101(f)(7).

The petitioner also argues that he could have established good moral character because his conviction had been expunged under California Penal Code § 1203.4(a). Under IIRIRA, however, this expungement does not affect the consequences of the conviction for purposes of the deportation laws. *See Ramirez–Castro v. INS*, 287 F.3d 1172 (9th Cir.2002); *Murillo–Espinoza v. INS*, 261 F.3d 771 (9th Cir. 2001). Thus, the conviction made de la Torre statutorily ineligible to demonstrate good moral character for purposes of obtaining a suspension of deportation.

The petitioner also argues that the BIA's August 1, 2001 denial of his motion to reopen should be reversed. De la Torre had moved to introduce evidence that he had entered the country in August 1985,

early enough to satisfy the requirements of the stop-time rule. The BIA's denial of that motion, de la Torre contends, violated his due process rights. However, as noted above, de la Torre is ineligible for a suspension of deportation based upon his conviction, and thus he has not shown that he has been prejudiced by the denial of the motion to reopen. *See Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999).

PETITIONS FOR REVIEW DENIED.