**Andres ROSAS–LOPEZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71599.
Agency Nos. A92–280–707, A92–280–898.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 14, 2005.

Andres Rosas–Lopez, El Centro, CA, pro se.

Ernistina Torres–Rosas, El Centro, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Lyle Jentzer, Linda S. Wernery, Esq., Washington, DC, for Respondent.

Before B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

RYMER, J., dissenting.

## MEMORANDUM *

Andres Rosas–Lopez and Ernestina Torres Rosas, the petitioners, are natives and citizens of Mexico. They are married and have five children. Four of the children are natives and citizens of Mexico; one child is a native and citizen of the United States. The U.S. citizen child has severe health problems and requires frequent medical attention in the United States.

The Rosases have lived in the United States since the mid–1980s. They were served with Notices to Appear in 1998. During removal proceedings the Rosases applied for cancellation of removal under 8 U.S.C. § 1229b(b). On May 12, 1999 an Immigration Judge (IJ) found that the Rosases failed to qualify for cancellation of removal because they could not establish "good moral character." *See* 8 U.S.C. § 1229b(b)(1)(B). The IJ determined that the Rosases had engaged in alien smuggling by bringing their four non-citizen children into the United States on valid 72–hour border crossing cards. The IJ

determined that although the children's entry was legal, the Rosases intended to keep their children in the United States in violation of the terms of the border crossing cards. Thus, the IJ held that the Rosases' actions constituted alien smuggling and they therefore could not satisfy the good moral character requirement for cancellation of removal. The Board of Immigration Appeals affirmed the IJ's decision without opinion. We reverse.

An alien may not establish good moral character if he or she has engaged in smuggling as defined by 8 U.S.C. § 1182(A)(6)(E). *See* 8 U.S.C. § 1101(f)(3). The statute reads, "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien *to enter or try to enter* the United States in violation of law is inadmissible." 8 U.S.C. § 1182(A)(6)(E)(i) (emphasis added). The plain language of this statute focuses on entry. The Rosases' children legally entered the United States with valid border crossing cards. Because the Rosases' children entered the United States legally, the Rosases did not violate 8 U.S.C. § 1182(A)(6)(E). We reverse and remand for further consideration of the Rosases' applications for cancellation of removal.

PETITION GRANTED AND REMANDED.

RYMER, Judge, dissenting.

I would deny the petition because the Rosases used 72–hour border passes to transport their non-citizen children across the border with the preconceived intent to settle them here permanently. This was an illegal use of the pass, and I cannot say that the Immigration Judge's determina-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion that the Rosases thereby knowingly assisted another alien to enter or try to enter the United States in violation of law is plainly contrary to 8 U.S.C. § 1182(a)(6)(E). *Chowdhury v. INS,* 249 F.3d 970, 972 (9th Cir.2001) (holding that BIA's interpretation of immigration law is entitled to deference, except where the interpretation is clearly contrary to the plain and sensible meaning of the statute).