**Mohammed Ehtesham HAQUE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Mohammed Ehtesham Haque, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 05–70386, 05–72121.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed Feb. 28, 2007.

**592**

———

John K. Vawter, Esq., San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

In 05–70386, Mohammed Ehtesham Haque, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) decision finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony conviction. The BIA found that Haque's conviction of conspiracy to manufacture or sell a counterfeit mark, in violation of California Penal Code § 350(a)(2), constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i). In 05–72121, Haque petitions for review of the BIA's denial of his motion to reopen or reconsider.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Although we lack jurisdiction to review a final order of removal based upon an aggravated felony conviction, *see* 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to determine whether Haque's conviction qualified as an aggravated felony. *See Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1024–25 (9th Cir.2005). We review the BIA's determination that a particular offense constitutes an aggravated felony de novo. *See Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000). Because the government failed to prove that Haque committed an aggravated felony, we grant the petition and vacate the removal order.

■ The aggravated felony described in 8 U.S.C. § 1101(a)(43)(M)(i) "has two elements: (1) the offense must involve fraud or deceit, and (2) the offense must also have resulted in a loss to the victim or victims of more than $10,000." *Chang v. INS,* 307 F.3d 1185, 1189 (9th Cir.2002). Haque pled guilty to conspiracy to violate Cal.Penal Code § 350(a)(2) which provides:

(a) Any person who willfully manufactures, intentionally sells, or knowingly possesses for sale any counterfeit of a mark registered with the Secretary of State or registered on the Principal Register of the United States Patent and Trademark Office, shall, upon conviction, be punishable as follows:

. . . .

(2) When the offense involves 1,000 of the articles described in this subdivision, or has a total retail or fair market value equal to or greater than that required for grand theft as defined in Section 487, and if the person is an individual he or she shall be punished by imprisonment in a county jail not to exceed one year, or in the state prison for 16 months, or

by 9th Cir. R. 36–3.

two or three years, or by a fine not to exceed two hundred fifty thousand dollars ($250,000), or by both that imprisonment and fine. . . .

CAL.PENAL CODE § 350(a)(2).

Because the statute of conviction includes crimes where the loss to the victim or victims is less than $10,000, Haque's conviction does not qualify as an aggravated felony under the categorical approach. *See Chang,* 307 F.3d at 1189. We next look to the record of conviction under the modified categorical approach. *See Tokatly v. Ashcroft,* 371 F.3d 613, 620 (9th Cir. 2004). We "may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002). None of these judicially noticeable documents regarding Haque's conviction include specific mention of loss to victims or restitution above a $200 "restitution fine." *Cf. Chowdhury v. INS,* 249 F.3d 970, 974 (9th Cir.2001) (suggesting that the amount of restitution in the criminal judgment may be used to determine the "loss to victim or victims").

█ The BIA erred when it relied on an allegation in the indictment concerning proceeds of the conspiracy to support its finding that the loss to the victims was more than $10,000. Equating "proceeds of the conspiracy" with "loss to the victims" ignores the plain language of the statute. *See Chowdhury,* 249 F.3d at 973–74 (construing § 1101(a)(43)(D) and finding INS' interpretation contrary to the plain language of the statute.)

█ Under the modified categorical approach, the judicially noticeable documents do not establish that Haque was convicted of a crime which meets the definition of

the generic crime defined in 8 U.S.C. § 1101(a)(43)(M)(i). Therefore, it is not an aggravated felony, and Haque is not subject to removal on the basis charged.

The government asserts that this matter should be remanded to the BIA for clarification of its factual determination regarding loss to the victims and for a legal determination regarding a matter of statutory interpretation. However, the facts and the law would be the same on remand as they were when the BIA ordered Haque removed. Moreover, in his motion to reopen or reconsider, Haque raised before the BIA the same issues he now raises on appeal. Thus, remand is neither necessary nor appropriate. *See Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1080 (9th Cir. 2007).

Because we have determined that the government failed to carry its burden of proof concerning loss to victims, we do not reach Haque's other arguments on appeal.

**PETITION GRANTED IN 05–70386; ORDER OF REMOVAL VACATED.**

**PETITION DISMISSED AS MOOT IN 05–72121.**