**NOT FOR PUBLICATION**

MAY 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO RENGIFO-CHUMBE; ARTURO ALBERTO RENGIFO-AVENDANO; EMPARATRIZ GLADYS AVENDANO-DE RENGIFO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 03-73254 <br><br> Agency Nos. <br> A029-925-434 <br> A029-925-433 <br> A029-925-435 <br> A029-925-436 <br><br> MEMORANDUM[*] |
| ARTURO RENGIFO CHUMBE; ARTURO ALBERTO RENGIFO AVENDANO; EMPARATRIZ GLADYS AVENDANO DE RENGIFO; RICHARD HENRY RENGIFO AVENDANO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 04-71410 <br><br> Agency Nos. <br> A029-925-434 <br> A029-925-433 <br> A029-925-435 <br> A029-925-436 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2010
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Arturo Rengifo-Chumbe ("Petitioner"), his wife, Emparatriz Rengifo, and their son, Arturo Alberto, all natives and citizens of Peru, appeal the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's denial of their application for asylum and withholding of removal and the BIA's denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination. Because Petitioner provided inconsistent statements regarding whether the Shining Path fired gunshots at him and whether a threat was made by the Shining Path in 1999, the adverse credibility finding is supported. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (holding that an inconsistency going to the heart of alien's

claim supported an adverse credibility finding)*; Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (upholding adverse credibility finding based on inconsistencies). Without credible testimony, the asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA did not abuse its discretion in denying the motion to reopen because the evidence that was presented to the BIA was not newly discovered evidence which could not have been previously presented. *See* 8 C.F.R. § 1003.2(c)(1); *Ramon-Sepulveda v. INS,* 743 F.2d 1307, 1310 (9th Cir. 1984) (holding that birth certificate was not newly discovered evidence that could not have been previously presented).

The BIA's mistaken reference to India does not require remand because the BIA repeatedly referred to Peru and the Shining Path and the BIA's reference was a clerical error which was harmless. *See Chowdhury v. INS*, 249 F.3d 970, 973 n.2

(9th Cir. 2001). The BIA also did not err in failing to consider new evidence of country conditions because it was not relevant on appeal.[1]

**PETITION DENIED**.

---

[1] Counsel for Rengifo submitted a letter to the panel dated May 14, 2010, which attached letters that were not in the certified administrative record. We do not consider extra-record evidence on appeal absent unusual circumstances. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Even if we considered this evidence as an "inadvertent omission[] from the record," which may warrant our consideration of the evidence, *Lowry*, 329 F.3d at 1024, this evidence is not probative of what medication Rengifo was taking *at the time* of his immigration hearing, which is the relevant question in this petition.

4