10-0467-ag
Varughese v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of November, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*,
BARBARA S. JONES,
*District Judge*.[*]

_____

VARUGHESE ADACKAMANGAL VARUGHESE,
a/k/a Varughese Varughese,

*Petitioner*,

        -v.-                                    10-0467-ag

ERIC H. HOLDER, JR., United States
Attorney General,

*Respondent*.[**]

_____

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption in this matter to conform with that of this order.

FOR PETITIONER:     THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, NJ.

FOR RESPONDENT:     CARMEL A. MORGAN, Trial Attorney, Office of Immigration Litigation, Civil Division, (Tony West, Assistant Attorney General, Russell J. E. Verby, Senior Litigation Counsel, *on the brief*), *for* Eric H. Holder Jr., United States Attorney General, Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Varughese Adackamangal Varughese seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA", or "Board"), which affirmed the decision of the Immigration Judge ("IJ") finding Varughese removable as charged. *In re Varughese*, A 036 123 229 (B.I.A. Jan. 22, 2010). Specifically, the Board concluded that Varughese's conviction for money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B), constitutes an "aggravated felony," rendering him removable pursuant to § 101(a)(43)(D) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101(a)(43)(D). Varughese challenges that determination on appeal, along with the BIA's conclusion that he is ineligible for adjustment of status pursuant to INA § 245, 8 U.S.C. § 1255. We assume the

2

parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, our Court reviews the decision of the IJ as supplemented by the Board. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). "While the BIA's interpretation of immigration statutes is generally entitled to *Chevron* deference, interpretations in non-precedential unpublished BIA decisions, as in the instant case, are not so entitled." *Dobrova v. Holder*, 607 F.3d 297, 300 (2d Cir. 2010). We need not, and do not, resolve whether such unpublished decisions are entitled to *Skidmore* deference, because our *de novo review* reveals that the determination below was correct.

At the outset, we reject Varughese's contention that INA § 101(a)(43)(D), which defines an "aggravated felony" as a money laundering offense in which "the amount of the funds exceeded $10,000," 8 U.S.C. § 1101(a)(43)(D), includes only violations of criminal statutes that use the specific word "funds." It is irrelevant that Varughese was convicted under a subsection of the money laundering statute that does

not actually use the word "funds," because the phrase "the amount of the funds exceeded $10,000" in the INA simply "refers to the particular circumstances in which an offender committed a [] crime on a particular occasion." *Nijhawan v. Holder*, 129 S. Ct. 2294, 2298 (2009). Simply put, it refers to the amount of money laundered. *See Chowdhury v. INS*, 249 F.3d 970, 974 (9th Cir. 2001). That determination is properly made pursuant to a "circumstance-specific," and not a "categorical" approach. *Nijhawan,* 129 S. Ct. at 2300. Because Varughese admitted to laundering well in excess of $10,000 on multiple occasions during his plea colloquy, the record of conviction sufficiently establishes that the circumstances of his money laundering conviction involved funds in excess of $10,000. *Id*. at 2303 (defendant's stipulation at sentencing proper basis to assess circumstance-specific fact).

Varughese also contends that, even assuming the "amount of the funds" inquiry is circumstance-specific, the amounts that he admitted laundering during his plea colloquy are not sufficiently "tethered" to his conviction in order to establish his removability. *See id.* (observing that "the loss must be tied to the specific counts covered by the

4

conviction") (internal quotation marks omitted).  In substance, he urges that because no amount is cited in the indictment to which he pled guilty, the statements he made during his plea colloquy are not adequately related to his conviction to establish that his conviction was an "aggravated felony."  We are unpersuaded.  Varughese was charged in a one-count indictment alleging multiple "financial transactions" over the course of several months in 2001 and 2002.  J.A. 155.  Varughese confirmed during the sentencing hearing that he was allocuting to multiple instances of money laundering between "November 2001 and January 2002."  J.A. 205.  Accordingly, his admissions to laundering funds in excess of $10,000 are sufficiently related to the count for which he was convicted.

Finally, we reject Varughese's contention that he is eligible for adjustment of status pursuant to INA § 245.  Adjustment of status is a discretionary benefit affordable to an alien who, among other things, is "eligible to receive an immigrant visa and is admissible to the United States for permanent residence."  INA § 245, 8 U.S.C. § 1255(a).  Because Varughese's money laundering conviction renders him ineligible for admissibility to the United States, he is

similarly ineligible for adjustment of status.  INA § 212(a)(2)(I)(i), 8 U.S.C. § 1182(a)(2)(I)(i) ("Any alien who . . . has engaged, is engaging, or seeks to enter the United States to engage, in an offense described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments) is inadmissible" to the United States.).  Moreover, because Varughese's money laundering conviction constitutes an "aggravated felony," the Attorney General was without discretion to afford him a waiver of inadmissibility.  INA § 212(h), 8 U.S.C. § 1182(h).

We have considered all of Varughese's remaining arguments and find them to be without merit.  For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, any stay of removal previously granted in this petition is **VACATED**, and any pending motion for a stay of removal is **DISMISSED** as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6