NOT FOR PUBLICATION

FILED

MAR 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ERNESTO EDMUNDO CARRILLO-CUAMEA, AKA Eduardo Carillo-Cuamea, AKA Ernesto Carrillo-Cuamea, | ) ) ) ) ) | No. 13-73787 Agency No. A044-577-095 |
| Petitioner, | ) ) ) | MEMORANDUM* |
| v. | ) ) | |
| LORETTA E. LYNCH, Attorney General, | ) ) ) | |
| Respondent. | ) ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Ernesto Edmundo Carrillo-Cuamea, a citizen of Mexico, petitions for review

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' (BIA) determination that he was convicted of an illicit drug trafficking offense that rendered him both removable and ineligible for cancellation of removal. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II); 8 U.S.C. § 1229b(a). We deny the petition.

(1) Carrillo first asserts that the BIA erred when it looked at the Arizona court records for his conviction and reached the obvious conclusion that there was an error in the Arizona judgment, which declared that he was convicted of attempted possession of over four pounds of marijuana for sale,[1] but inadvertently cited to a pornography statute.[2] We disagree. As the BIA recognized, its decision did not implicate the considerations surrounding categorical and modified categorical analysis. *Cf. Descamps v. United States*, __ U.S. __, __, 133 S. Ct. 2276, 2283–86, 186 L. Ed. 2d 438 (2013); *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867–68 (9th Cir. 2015). It simply was required to decide just what crime the Arizona court actually convicted Carrillo of committing. While justice does wear a blindfold, judges are not like andabatae; they are well equipped to see through clerical errors in a written judgment. *See United States v. Bonilla-Montenegro*,

---

[1]*See* Ariz. Rev. Stat. § 13-3405(A)(2), (B)(6); *id.* § 13-1001(A).

[2]*See id.* § 13-3505.

331 F.3d 1047, 1049 (9th Cir. 2003); *Chowdhury v. INS*, 249 F.3d 970, 973 n.2 (9th Cir. 2001). That is what the BIA did here.

(2)    Carrillo then argues that the underlying facts of his crime are consistent with a mere solicitation offense, which would not be an aggravated felony.[3] However, as it happens, that is not what he was charged with, pled to, and was convicted of. He was convicted of attempted possession of marijuana for sale;[4] that is an aggravated felony.[5] Thus, the BIA did not err when it determined that Carrillo was not eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

Petition DENIED.

---

[3] *See Rosas-Casteneda v. Holder*, 655 F.3d 875, 885–86 (9th Cir. 2011), *overruled on other grounds by Young v. Holder*, 697 F.3d 976, 979–80 (9th Cir. 2012) (en banc); *Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999); *Coronado-Durazo v. INS*, 123 F.3d 1322, 1325–26 (9th Cir. 1997); *see also* Ariz. Rev. Stat. § 13-3405(A)(4); *id.* § 13-1002.

[4] *See* Ariz. Rev. Stat. § 13-3405(A)(2); *id.* § 13-1001(A).

[5] *See Lopez v. Gonzales*, 549 U.S. 47, 52–53, 127 S. Ct. 625, 629, 166 L. Ed. 2d 462 (2006); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008); *see also* 8 U.S.C. § 1101(a)(43)(B), (U); 21 U.S.C. § 846.