**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO LOPEZ-VILLA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   11-73518

Agency No. A045-135-800

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued October 7, 2016
Submitted September 20, 2019
Seattle, Washington

Before:  W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

Ricardo Lopez-Villa petitions for review of the dismissal of the appeal of his

order of removal by the Board of Immigration Appeals ("BIA").  The BIA

affirmed the decision by an Immigration Judge finding Lopez-Villa (1) removable

based on his conviction for trafficking in cocaine, Idaho Code

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 37-2732B(a)(2)(A), and (2) ineligible for cancellation of removal, because the conviction was a drug-trafficking aggravated felony.[1]

We deferred submission in the case pending this court's en banc decision in *Marinelarena v. Barr*, 930 F.3d 1039 (9th Cir. 2019). Following *Marinelarena*, we conclude that the judicially noticeable documents in the record are inconclusive and cannot serve as evidence of an aggravated felony.[2] *See* 8 U.S.C. § 1101(a)(43)(B) (defining aggravated felony to include "illicit trafficking in a controlled substance"). Specifically, assuming without deciding that section 37-2732B is divisible, the judgment and amended judgment are inconclusive as to whether Lopez-Villa was convicted of possessing, manufacturing, or delivering a controlled substance. Accordingly, the BIA erred when it concluded that Lopez-Villa was convicted of an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d

---

[1] On appeal, Lopez-Villa does not challenge the finding that his conviction was a removable offense.

[2] Although the BIA did not err in concluding there were clerical errors in the judgment and amended judgment, *see Chowdhury v. INS*, 249 F.3d 970, 973 n.2 (9th Cir. 2001), it did err in relying on the indictment because neither the judgment nor the amended judgment were properly linked to the indictment. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014). Thus, the judicially noticeable documents before the BIA were inconclusive as to whether Lopez-Villa pleaded guilty to the elements necessary to establish the conviction was a predicate offense. *Id.*

2

967, 975 (9th Cir. 2008) (noting that trafficking requires "some sort of commercial dealing" (citation omitted)).

Because there is insufficient evidence that Lopez-Villa was convicted of an aggravated felony, he is statutorily eligible for cancellation of removal.[3] *See* 8 U.S.C. § 1229b(a)(3). We therefore remand this case to the BIA to determine whether Lopez-Villa should, as a matter of discretion, receive cancellation of removal relief.

**PETITION FOR REVIEW GRANTED, REMANDED.**

---

[3] Because Lopez-Villa was a lawful permanent resident since 1995, we presume that he met the other criteria necessary to be eligible for cancellation of removal.