NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN PEDRO LOPEZ-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1531

Agency No.
A091-929-235

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 24, 2023
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner and lawful permanent resident ("LPR") Juan Pedro Lopez-Lopez

("Lopez") seeks review of an order of the Board of Immigration Appeals ("BIA")

denying his motion to reopen removal proceedings that terminated in 2013. Lopez

argues the BIA abused its discretion by declining to toll the reopening deadline

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

because of ineffective assistance of counsel. Because we conclude the BIA committed legal error in analyzing the prejudice from counsel's assumed ineffectiveness, we grant the petition in part and remand for further proceedings.

Lopez's counsel conceded that his 1996 criminal conviction was an aggravated felony and grounds for removal. The BIA majority assumed this concession was ineffective, but concluded Lopez did not demonstrate prejudice from it. The BIA concluded (1) that Lopez did not point to a case conclusively stating that violations of California Health & Safety Code § 11352 were categorically not an aggravated felony, and (2) that Lopez was not prejudiced because the government could have reinstated a prior removal order relating to a charge that was not alleged in the Notice to Appear ("NTA").

This analysis constituted legal error in evaluating the prejudice that flowed from counsel's error. In evaluating ineffective assistance claims, the court is to consider the prejudice that flowed from counsel's error—to "consider the underlying merits of the case to come to a tentative conclusion as to whether [petitioner's] claim, if properly presented, would be viable." *Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). Petitioner can show prejudice if counsel's deficient performance "may have affected the outcome of the proceedings by showing plausible grounds for relief." *Flores v. Barr*, 930 F.3d 1082, 1087 (9th Cir. 2019) (internal quotation marks omitted).

Had counsel not conceded the aggravated felony, the only ground alleged in the NTA, Lopez had a viable argument that case law analyzing similar statutes indicated § 11352 would not categorically constitute an aggravated felony. *See, e.g., United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc) (California Health & Safety Code § 11360(a) not a categorical match); *Mielewczyk v. Holder*, 575 F.3d 992, 996 n.1 (§ 11360(a) "largely identical to section 11352(a)"). Then, applying the modified categorial approach, the government—using the judicially noticeable documents discussed in *Shepard v. United States,* 544 U.S. 13 (2005)—likely could not have proven that the conviction was an aggravated felony because Lopez's judgment and charging documents were ambiguous and could have been based on possession or transport for personal use. Thus, Lopez has sufficiently established "plausible grounds for relief" had his counsel not conceded removability. *Flores*, 930 F.3d at 1087.

The BIA's speculation that the government could have reinstated a prior removal order is just that, and indeed the government affirmatively declined on the record to reinstate the prior order after taking two continuances to consider the matter. Our review is confined to the basis actually charged in the NTA, and whether counsel's error affected that proceeding, rather than a discussion of hypothetical substitute charges of removability that could have been but were not brought. "Whatever the grounds on which [petitioner] might have been found removable,

only one was charged. We have no power to affirm the BIA on a ground never charged by the Service or found by the IJ." *Al Mutarreb v. Holder*, 561 F.3d 1023, 1029 (9th Cir. 2009); *see also Chowdhury v. INS*, 249 F.3d 970, 975 (9th Cir. 2001) (a conviction not specified in the NTA "cannot serve as an independent basis for affirming"). The potential availability of uncharged removal grounds—of which Lopez was never given notice or an opportunity to contest—is irrelevant to whether his counsel's deficient performance "may have affected the outcome of the proceedings" in the case he actually seeks to reopen, which was founded on a single charge of an aggravated felony. *Flores*, 930 F.3d at 1087.

Lopez also challenges the BIA's refusal to exercise its sua sponte authority to reopen his case, but we lack jurisdiction to review this discretionary decision unless there was legal or constitutional error in the way it reached its decision. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002); *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). There was no such error here.

**We GRANT the petition with respect to the motion to reopen and REMAND to the BIA for further proceedings consistent with this disposition; we DENY the petition with respect to the sua sponte reopening. Each party shall bear their own costs on appeal.**

Lopez-Lopez v. Garland, No. 22-1531

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in the disposition's denial of the petition with respect to sua sponte reopening. I respectfully dissent with respect to the disposition's granting of the petition as to the BIA's timeliness holding. The BIA did not abuse its discretion or commit legal error when it declined to toll the 90-day deadline for reopening a decade-old matter.

The majority disposition errs by faulting the BIA for considering what would have happened, had Petitioner's counsel not conceded that Petitioner was removable for having committed an aggravated felony. Dispo. at 3–4. The analysis of prejudice is always counter-factual; the agency, and we, must make an educated guess about what could have occurred in the absence of the presumed ineffective performance by counsel. See, e.g., Flores v. Barr, 930 F.3d 1082, 1087 (9th Cir. 2019) (per curiam) (holding that, to demonstrate prejudice, a petitioner must "demonstrate that counsel's deficient performance 'may have affected the outcome of the proceedings' by showing 'plausible' grounds for relief" (citations omitted)). Thus, the BIA's reason—that Petitioner was subject to reinstatement of a prior removal order, and therefore could not show plausible grounds for relief— is proper. The prejudice analysis is not the same as affirming the BIA on direct review on a ground never charged, so the cited cases are inapplicable.